IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JORGE HEREDIA-CRUZ** <br><br> PLAINTIFF <br><br> VS. <br><br> **BALLESTER HERMANOS, INC.;** <br> **INSURANCE COMPANY XYZ;** <br> **COMPANY ABC;** <br> **JOHN & JANE DOE.** <br><br> DEFENDANTS | CIVIL NO. 21-1126 <br><br> DISCRIMINATION BASED ON AGE, WRONGFUL TERMINATION, AND TORT DAMAGES <br><br> TRIAL BY JURY DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW, Jorge Heredia-Cruz,** ("Plaintiff"), through the undersigned attorneys and very respectfully states, alleges and prays as follows:

### PRELIMINARY STATEMENT

1. Plaintiff worked for Ballester Hermanos, Inc. ("BH" and/or "Defendant") until Plaintiff was illegally terminated and discriminated based on his age by BH on March 31st, 2020. Prior to Plaintiff's illegal termination, BH incurred in a discriminatory pattern of terminating older salespersons without justification by fabricating false pretextual grounds. Eventually the Plaintiff was illegally terminated based on false pretextual grounds on March 31st, 2020, when the Plaintiff was considered one of the best employees of BH, to be later replaced by younger employees.

2. Such actions constitute a disparate treatment by the Defendants based on discrimination based on age pursuant to the Age Discrimination in Employment Act ("ADEA"), causing damages to the Plaintiff. After exhausting administrative remedies before the EEOC, the

Plaintiff files this civil action against the Defendant for violation of federal anti-discrimination statutes.

3. Plaintiff files this civil action against the Defendant based on the following: Discrimination based on Age pursuant to ADEA, 29 USC sec. 621 *et seq*., Puerto Rico's Law No. 100 of June 30, 1959, 29 LPRA sec. 146 *et seq.,* and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico; Wrongful Termination (Unjust Dismissal) pursuant to Puerto Rico's Law No. 80 of May 30, 1976, 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to Articles 1802 and 1803 of Puerto Rico's Civil Code, 31 LPRA secs. 5141, 5142.

4. Plaintiff seeks compensatory, punitive, double and liquidated damages, severance pay, back pay, front pay, and equitable and injunctive relief for Defendant's unlawful and discriminatory employment termination of the Plaintiff, based on his discrimination claims. In addition, Plaintiff seeks other specific remedies that restore him to the position that he would have held in the absence of the retaliation and discrimination.

## JURISDICTION AND VENUE

5. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to ADEA.

6. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same nucleus of operative facts. Specifically, Plaintiff files this action pursuant to Puerto Rico's Law No. 100 of June 30, 1959, 29 LPRA sec. 146 *et seq*., Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico; Wrongful Termination (Unjust Dismissal) pursuant to Puerto

Rico's Law No. 80 of May 30, 1976, 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to Articles 1802 and 1803 of Puerto Rico's Civil Code, 31 LPRA secs. 5141, 5142.

7. Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district and the defendant resides within this judicial district.

8. Before filing this instant case, Plaintiff filed timely charges of retaliation and discrimination before the EEOC within three hundred (300) days after the adverse employment action. A letter of determination and a notice of Right to Sue from the EEOC was received by the Plaintiff in February of 2021. Plaintiff filed this timely Complaint within ninety (90) days of receipt of the EEOC's Notification of Right to Sue of February of 2021.

9. Plaintiff demands that all causes of action be tried before a jury.

**PARTIES**

10. Plaintiff, Jorge Heredia-Cruz ("Plaintiff") is of legal age, domiciled and resident of Guaynabo, Puerto Rico. Plaintiff's address is the following: Calle Juan Ramos L-4, Urb. Santa Paula, Guaynabo, PR 00969.

11. Co-Defendant, Ballester Hermanos, Inc. ("BH") is organized and existing under the constitution and laws of the Commonwealth of Puerto Rico and of the United States of America. It is dedicated to distribution of food and beverages. Its main business offices are located at Westgate Industrial Park Calle 3, Barrio Palmas, Cataño, PR 00962. Its postal address is PO Box 364548, San Juan, PR 00936. Plaintiff reserves the right to amend the Complaint once more information is discovered.

12. Co-Defendant, Insurance Company XYZ (hereinafter referred to as "Insurance Company XYZ"), held an insurance policy in favor of the Defendant. At the time of the

discriminatory incidents described herein, Insurance Company XYZ held an insurance policy in favor of the Defendant, specifically to cover said discrimination claims. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

13. Co-Defendant, Company ABC (hereinafter referred to as "Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendant, that directed and had knowledge of Defendant's discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

14. Co-Defendant, John & Jane Doe (hereinafter referred to as "Doe"), is another agent, supervisor, official or director who is affiliated with the Defendant, who directed and had knowledge of Defendant's discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

**THE FACTS**

15. Plaintiff is over forty (40) years of age.

16. Plaintiff was born on April 8th, 1968.

17. The Plaintiff began his employment with Defendant approximately twenty-four (24) years ago, on or around November of 1996.

18. Plaintiff's job position when he began was that of a promoter and merchandiser.

19. Afterwards the Plaintiff was promoted as a salesperson.

20. Throughout all those years, the Plaintiff excelled in his duties as a salesperson.

21. Plaintiff met and excelled the Defendant's work expectations with regards to his work performance by exceeding the sales quotas.

22. The Plaintiff's general duties as a salesperson was to perform sales on the designated routes issued by the Defendant.

23. The Defendant would assign the Plaintiff certain clients to engage to provide merchandise to sell.

24. Throughout the years the Defendant provided information as to the sales executed by all salespersons of the Company.

25. For years the Plaintiff was always in the top spot as the best in sales.

26. Notwithstanding Plaintiff's excellent performance as a salesperson, the Defendant began a discriminatory pattern of terminating older salespersons.

27. In the past year prior to his illegal termination, the Plaintiff personally witnessed how the Upper Management of the Defendant began to arbitrarily and without justification terminate older salespersons by fabricating false pretextual grounds.

28. Specifically, the Defendant terminated older salespersons to replace them with younger salespersons.

29. Even though the Plaintiff exceeded in his sales performances when compared to the newly recruited younger salespersons, the Plaintiff was illegally terminated from his employment on March 31st, 2020.

30. The Plaintiff's termination after working for approximately twenty-four years was a discriminatory action taken by the Defendant.

31. The Defendant proceeded to replace the Plaintiff with a younger salesperson.

32. The Defendant's actions constitute an illegal action against me because they fabricated false pretextual grounds for my termination on March 31st of 2020, by illegally

5

terminating the Plaintiff from his employment when he was the top grossing salesperson of the Defendant.

33. The Plaintiff had higher seniority compared to the rest of the younger salespersons.

34. Instead, the Defendant kept younger salespersons who did not excel at sales at the same caliber as the Plaintiff.

35. When the Plaintiff was terminated, the Covid-19 Pandemic began.

36. However, the Defendant had no legitimate reason to terminate any employees during the Covid-19 Pandemic because the Plaintiff and the rest of the sales persons of the Defendant were considered essential workers.

37. The Defendant also had no legitimate economic reasons because they had requested assistance from the federal government in loans as part of the Coronavirus Pandemic Relief Acts passed in March of 2020.

38. Therefore, the Defendant had no justifiable reason to terminate the Plaintiff at the time.

39. The adverse actions taken by Defendant constitute an illegal action against the Plaintiff because they fabricated false pretextual grounds for his illegal termination in order to replace the Plaintiff with younger employees.

40. Defendant illegally terminated the Plaintiff in violation of anti-discrimination under federal and state laws.

41. Company ABC was the parent company or an affiliated company of the Defendants. Company ABC had knowledge of Defendant's retaliatory and discriminatory decisions. Company ABC did not take any proper action to rectify and/or avoid the retaliatory and

discriminatory actions incurred by the Defendant. Company ABC allowed the Defendant to retaliate and discriminate against the Plaintiff, based on false pretextual grounds.

42. John & Jane Doe had knowledge of Defendant's retaliatory and discriminatory decisions. John & Jane Doe did not take any proper action to rectify and/or avoid the retaliatory and discriminatory actions incurred by the Defendant. John & Jane Doe allowed the Defendant to retaliate and discriminate against the Plaintiff, based on false pretextual grounds.

43. At the time of these retaliatory and discriminatory incidents, Insurance Company XYZ held an insurance policy in favor of the Defendant, specifically to cover said retaliatory and discriminatory claims. Said insurance policy was in force at the time of the retaliatory and discriminatory incidents.

44. Because of this illegal termination, the Plaintiff has suffered economic damages due to the deprivation of his compensation and benefits.

45. Because of this illegal termination, the Plaintiff has suffered emotional damages due to depression, lost sleep, rest and humiliation of his professional reputation. Plaintiff has been at loss of his peace of mind and emotional stability.

46. The Defendant is liable for all the Plaintiff's damages.

## FIRST CAUSE OF ACTION

## DISCRIMINATION BASED ON AGE

47. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

48. Defendant's discriminatory conduct altered Plaintiff's employment condition because of Plaintiff's age.

49. At the moment that the Defendant's incurred in the discriminatory conduct, the Plaintiff was performing his job well enough to meet the Defendant's legitimate expectations.

50. Defendant's conduct against the Plaintiff constitutes discrimination based on age pursuant to ADEA, 29 USC sec. 621 *et seq*., Puerto Rico's Law No. 100 of June 30, 1959, 29 LPRA sec. 146 *et seq.,* and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico.

51. As a proximate result of Defendant's discriminatory practice, Plaintiff has suffered intensely, has been deprived of his means of livelihood, has suffered economic losses and has been emotionally injured.

52. As a result of Defendant's discriminatory practices, Plaintiff lost the compensation and benefits he was entitled to.

53. Defendant is liable to Plaintiff for the back pay and front pay he was entitled had he maintained his position pursuant to ADEA and Law 100.

54. Plaintiffs' compensation and benefits that were lost were approximately thirty-four thousand dollars ($34,000.00) of annual salary, plus benefits.

55. Defendant is liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay and front pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

56. Pursuant to ADEA, Defendants' discriminatory practices against the Plaintiff were willful, malicious and/or carried with reckless indifference towards Plaintiff's rights protected

under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

57. In the alternative, an adequate remedy under PR Law No. 100, Defendant is liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiff's rights.

58. The adverse actions taken against the Plaintiff was the culmination of Defendant's discriminatory practice against the Plaintiff because of his age.

59. Defendant is liable to Plaintiff under this cause of action, pursuant to Title VII, ADEA, PR Law 100 and the Constitution of the Commonwealth of Puerto Rico, in excess of six hundred eighty thousand dollars ($680,000.00).

60. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against him.

61. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendant is liable for double compensatory and statutory damages. These damages are estimated at no less than six hundred eighty thousand dollars ($680,000.00), which times two equals one million three hundred sixty thousand dollars ($1,360,000.00).

## SECOND CAUSE OF ACTION

## WRONGFUL TERMINATION

62. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

63. Defendant's actions constitute a termination of employment without just cause.

64. Defendant is liable to Plaintiff pursuant to P.R. Law No. 80, 29 LPRA sec. 185a *et seq*, for an amount equal to six (6) months of salary plus benefits, as defined in the law, and seventy-two (72) additional weeks of compensation, based on his highest earning in any thirty-day period within the three years prior to the Plaintiff's dismissal. The sum amount of severance pay under Law 80 is approximately sixty-seven thousand four hundred dollars ($67,400.00).

## FOURTH CAUSE OF ACTION

## TORTS DAMAGES

65. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

66. Defendant's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

67. Defendant is liable to Plaintiff pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141.

68. John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

69. John & Jane Doe's are liable to Plaintiff pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141.

70. Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

71. Company ABC is liable to Plaintiff pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141.

72. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

73. As a result, thereof, Defendants are liable for compensatory and statutory damages pursuant to Article 1802 and 1803 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141, 5142. These damages are estimated at no less than five hundred thousand dollars ($500,000.00).

## FIFTH CAUSE OF ACTION

## INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

74. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

75. Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-Defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

## SIXTH CAUSE OF ACTION

## ATTORNEYS FEES AND PREJUDGMENT INTEREST

76. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

77. Defendants are liable to Plaintiffs for attorney's fees and costs.

78. Defendants are liable for prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

79. Plaintiff demand a trial by jury as to all claims and issues alleged herein

## PRAYER

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against Defendants. This Court should grant Plaintiff's complaint and find that the Defendants are liable to the Plaintiff based on the following: Discrimination based on Age pursuant to ADEA, 29 USC sec. 621 *et seq*., Puerto Rico's Law No. 100 of June 30, 1959, 29 LPRA sec. 146 *et seq.,* and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico; Wrongful Termination (Unjust Dismissal) pursuant to Puerto Rico's Law No. 80 of May 30, 1976, 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to Articles 1802 and 1803 of Puerto Rico's Civil Code, 31 LPRA secs. 5141, 5142.

2. An order directing Defendants to reinstate Plaintiff to his former position and to cease and desist of any further retaliatory and discriminatory conduct on the basis of age and disability.

3. Awarding Plaintiff back pay and front pay, together with interest, for the period that Plaintiff was deprived of his salary, as it was awarded to other employees in his previous position.

4. Awarding the Plaintiff punitive and liquidated damages equal to twice the back pay, front pay and fringe benefits lost by the Plaintiff.

5. Awarding the Plaintiff lost benefits, both past and future.

6. Awarding the Plaintiff the sum amounts before mentioned in the Complaint which includes the double compensatory damages.

7. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

8. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 18th day of March,

2021.

                                          ***S/VICTOR M. RIVERA-RIOS***
                                          VICTOR M. RIVERA-RIOS
                                          USDC BAR NUMBER 301202
                                          1420 FERNANDEZ JUNCOS AVE
                                          SAN JUAN, PR 00909
                                          Telephone: (787) 727-5710
                                          Facsimile: (787) 268-1835
                                          E-Mail: victorriverarios@rcrtrblaw.com